COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Arnold Ray Lamotte v. The State of Texas

Appellate case number:    01-15-00368-CR

Trial court case number:   C-1-CR-12-300283

Trial court:                        County Court at Law No 6 of Travis County

Counsel for appellant, Karen E. Oprea, has filed a motion to withdraw stating that her client desires to represent himself pro se in this appeal.

We review requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of both the appellant and the State. This is because the Supreme Court held that there is no federal constitutional right to represent oneself on appeal. *Martinez v. Court of Appeal*, 528 U.S. 152, 163, 120 S. Ct. 684, 692 (2000); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order). *See also Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987)(remanding to appellate court to direct a trial court hearing admonishing appellant of the dangers and disadvantages of self-representation, and development of evidence as to whether an election to proceed pro se is knowingly and intelligently made).

Accordingly, we require findings from the trial court on this matter and must abate the appeal and remand the case for a hearing at which appellant shall be present in person.[1] If appellant is not incarcerated, but fails to appear at the hearing after having been notified to do so, or after reasonable attempts to notify him have been made, then the trial court should make that finding and include it in a supplemental record to be filed in this Court. If appellant is present for the hearing, we direct the trial court to make appropriate findings on these issues:

(1)   whether appellant still wishes to prosecute the appeal and, if so,

(2)   whether Karen E. Oprea should be permitted to withdraw as counsel;

---

[1]      If appellant is now incarcerated, he may appear by closed circuit video teleconference.

(3)  whether appellant wishes to represent himself after having been admonished by the trial court of the dangers and disadvantages of doing so;

(4)  whether the trial court finds that it would not be in the best interests of appellant and the State for him to do so; and

(5)  if appellant does not wish to represent himself, or if the trial court finds that self-representation would not be in the best interests of appellant and the State, whether he is

  (a)  indigent, in which case the trial court should continue the appointment of counsel Oprea, or another appointed counsel or if appellant is

  (b)  not indigent, the trial court should determine whether appellant has retained counsel to file a brief and represent him on appeal, and, if so, the name, address, telephone number, and State Bar number of retained counsel. (*See* TEX. R. APP. P. 38.8(b)(4).)

The trial court shall have a court reporter record the hearing. The trial court's written findings and recommendations shall be filed in a supplemental clerk's record in this Court no later than 30 days from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of the scheduled hearing date.

It is so ORDERED.


Judge's signature: /s/ Rebeca Huddle
                        ☒ Acting individually     ☐ Acting for the Court


Date:  May 19, 2015